FILED
AUG 0 1 2019
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BILLY F. LARKIN,

    Plaintiff,

v.

COLONEL THOMAS W. ADAIR, *et al.*,

    Defendants.

Civil Action No. 19-1638 (UNA)

## MEMORANDUM OPINION

The plaintiff was discharged from the United States Army in July 1974. Compl. ¶ 2. He was "eliminated . . . for unfitness," *id.* ¶ 4, and barred from reenlistment, *id.* ¶ 3. The Army "issued an undesirable discharge certificate," *id.* ¶ 4, and "left the plaintiff with no benefits, poor job prospects, and a lifetime of stigma," *id.* ¶ 10. In October 1979, the Army Discharge Review Board found that the plaintiff's discharge was improper because "the mental health evaluation was signed by a clinical assistant . . . , and not by a psychiatrist, in violation of AR 635-200." *Id.* ¶ 5. According to the plaintiff, the officer who presided over his discharge hearing was negligent, having failed in his "duty to provide the plaintiff competent mental health diagnoses[.]" *Id.* ¶ 6. In addition, the plaintiff deemed the Army negligent for having "failed to provide plaintiff the procedures to report military-related sexual assaults," *id.* ¶ 9, to which the plaintiff was subjected "during the last months of [his] tour of Germany," *id.* ¶ 7.

Allegedly the plaintiff "suffers from mental health conditions exacerbated by the loss of structure and camaraderie found in the military," *id.* ¶ 11, and other mental health issues "due to defendant['s] negligence . . . that lead to [his] improper discharge," *id.* ¶ 12. He demands a judgment in his favor and unspecified compensatory and punitive damages. *See id.* at 5.

Tort claims against the federal government ordinarily proceed under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80. "The FTCA effects a broad waiver of sovereign immunity from lawsuits for money damages [and] permits suits 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Schnitzer v. Harvey*, 389 F.3d 200, 202 (D.C. Cir. 2004) (quoting 28 U.S.C. § 1346(b)(1)). There are exceptions, however, and "[i]n *Feres v. United States*, 340 U.S. 135 (1950), the Supreme Court established an exception to the FTCA's waiver of immunity for injuries to military personnel." *Broudy v. United States*, 661 F.2d 125, 127 (9th Cir. 1981); *see Perez v. United States*, No. 09-CV-22201, 2010 WL 11505508, at *2 (S.D. Fla. June 15, 2010) ("The government is not liable under the FTCA for injuries to servicemen where the injuries arise out of or are in the course of an activity 'incident to service.'" (quoting *Feres*, 340 U.S. at 146)).

"By its very nature, a discharge from the U.S. Army must occur in the course of activity incident to service or arise out of activity incident to service." *Bednarowicz v. U.S. Army*, No. 96 C 8295, 1997 WL 665792, at *4 (N.D. Ill. Oct. 20, 1997). Therefore, any injury allegedly caused by the government's negligence in the course of the plaintiff's discharge is barred. *See Torres v. United States*, 621 F.2d 30, 31 (1st Cir. 1980) (affirming dismissal of complaint alleging "certain acts of negligence by the United States Army pertaining to the classification of appellant's discharge from service"); *Cantu v. Nichols*, No. H-12-CV-0302, 2012 WL 4962115, at *4 (S.D. Tex. Oct. 16, 2012) (concluding that discharge from Texas Army National Guard based on results of random urinalysis test administered during unit's drill weekend was incident to service, such that plaintiff's challenge is barred under *Feres*); *Sailer v. Army Recruiter*, No. 1-06-CV-04, 2006 WL 964499, at *1 (D.N.D. Apr. 12, 2006) (concluding

that "claims of recruiter misconduct and slanderous discharge are clearly 'incident to service'" and "are barred by the *Feres* doctrine").

The Court lacks subject matter jurisdiction over the plaintiff's tort claims, and, therefore, his complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). An Order is issued separately.

DATE: July 30, 2019

_____
United States District Judge